**OHIO DEPOSIT GUARANTEE FUND, etc., Appellant, v. DZIAMBA, Deputy Supt., etc., Appellees.**

Common Pleas Court, Hamilton County.

No. A-152998. Decided August 17, 1956.

354

Edwin G. Becker, Walter L. Tarr, for appellants.

John A. Scanlon, Amicus Curiae representing Bond Hill Building Association Company.

William H. Deddens, Amicus Curiae representing Lincoln Building Association and Overlook Savings and Loan Company.

C. William O'Neill, Atty. Genl., William A. Carroll, Asst. Atty. Genl., for appellees.

## OPINION

By SCHNEIDER, J.:

This matter comes before the Court on appeal from the action of N. J. Dziamba as deputy superintendent of the Division of Building and Loan Associations of the State of Ohio. The appellants are the incorporators of the Ohio Deposit Guarantee Fund, a proposed Ohio corporation not for profit, to consist of twenty-five or more Building and Loan Associations incorporated under Ohio law.

On November 22nd, 1955, articles of incorporation were filed by appellant with the Secretary of State. These articles were transmitted by the Secretary of State to the office of the Superintendent of Building and Loan Associations for his certification as required by statute. After lengthy hearings by the superintendent of Building and Loan Associations the said superintendent on April 4th, 1956, formally refused certification. This appeal was subsequently filed under the administrative procedure act.

The evidence shows after articles of incorporation were filed one of the three incorporators, Everett W. Townsley, died on March 23rd, 1956. The appeal herein was filed by the two remaining incorporators. A motion seeking dismissal of the appeal on that ground has been filed. The Court is of the opinion that this motion is not well taken and should be overruled.

The action of the Superintendent refusing certification is based upon certain language of the statute, namely, that the "Best interests of the public will not be promoted." Assuming the statute gives the right to and establishes the duty of the commissioner to inquire into the proposed method of operation of the new company the Superintendent heard testimony of various witnesses and examined the provisions of a proposed constitution and by laws. The Superintendent then listed eight specifications as objectionable and sufficient to justify his refusal to certify.

The **first** is that there has been provided no standard for membership. It seems to the Court the standard of membership was fixed by law definitely and clearly and that no valid objection exists here.

The **second** objection is that expulsion of members is fixed in the discretion of the trustees. This would be the exercise of a right implied in the law since the statute does not provide that any other authority should have this discretion. If, in the future exercise of such discre-

tion the trustees act arbitrarily and unreasonably there is ample remedy under the law, in the Courts, on the part of either the affected member or any other members of the corporation or of the Superintendent himself.

The **third** objection is that the fund proposes to guarantee all withdrawal monies without limitation. The sole purpose of the Legislature in making possible a corporation of this type is to guarantee the liquidity of its member associations. Here again, if the corporation, or its members, conduct themselves in a manner which would jeopardize such liquidity or the financial soundness or security of anyone of the associate members, the Superintendent has ample authority under the law to take necessary action.

The **fourth** objection is that the corporation proposes to give authority to a majority of its trustees to require member companies to amend their individual constitutions and bylaws and to remove and replace members of boards of directors without approval or supervisory authority. Such authority is inherent in the proper performance of its sole purpose and function, which is to secure liquidity of its individual members, in the interests of depositors, members and the public generally. Any exercise of such power, except in the furtherance of its statutory duties and its announced purposes, and detrimental to the fundamental intent of the law, may be curbed by the Superintendent of building and loan associations of the State of Ohio, who has ample power under the law to intervene.

The **fifth** objection is that the proposed constitution and by-laws deny supervisory powers of the Superintendent over the guarantee corporation. The Court is unable to understand how this could be possible in view of the express provisions of the statute giving specific power and authority to the Superintendent for such supervision.

The **sixth** objection is that only two of the original incorporators survive and this has been previously dealt with.

The **seventh** objection is that the proposed constitution has no provision for a vote of shareholders of a proposed member. It seems sufficient to repeat that if any action of any board of directors of any building and loan association is contrary to law or inimical to the best interests of such building and loan association the Superintendent has ample power to intervene.

The **eighth** objection is stated to be the "Potentialities of the proposed guarantee association becoming a holding company." The Court is not clear in what the Superintendent means by holding company. The statute itself authorizes any deposit guarantee association to loan money to a member association and to buy any assets owned by a member association and to issue its capital notes or debentures to member building associations. It is conceivable that such a deposit guarantee corporation would necessarily then become the holder of assets of the individual member corporations, in the very normal operation of its function.

The basic objection of the Superintendent is that the proposed corporation would function without interference, without restraint, without restriction and beyond control of the Superintendent of building and loan associations. The opinion of this Court is that there is no justification

for such concern. The statute gives the absolute right of the Superintendent to make investigations and examinations and inspections of any such guarantee company in the same manner as he is empowered to supervise and control the operation of all member building associations. Any abuse of authority, power or discretion on the part of such guarantee association may be dealt with as completely and adequately as with any member building and loan association. To refuse certification of the articles of incorporation on such ground would be to defeat the very purpose of the legislative enactment.

Under this appeal the Court may affirm, reverse, vacate or modify the order of the Superintendent. The court may not substitute its judgment for that of the Superintendent.

The Court is of the opinion that the judgment of the Superintendent on which he bases his refusal to certify is not supported by the record, is based upon speculation, and is contrary to law and his decision will be reversed.

This action of the Court in reversing the decision of the superintendent is not in any sense to be construed as an endorsement or approval, in advance, of any particular business procedure or of any provisions which may be included in the constitution and by-laws of the appellant corporation when such are adopted in the course of its business. If any provisions written into the constitution and by-laws of the appellant, either originally or later by amendments, or if the business practices are or should become contrary to the public interest, or inimical or contrary to the legal purpose of the association as defined by the law, the superintendent then has ample and sufficient power to intervene and take necessary action.

The clear purpose of the legislative will is to permit corporations not for profit, to be formed under the general corporation laws of the State by a minimum number of Ohio building and loan corporations, for the sole purpose of exercising the powers set out in §1151.87 R. C. There is nothing in the record herein to show that the articles of incorporation filed by appellant are not correct in form and substance; nothing to show that the proposed corporation is being set up other than as a corporation not for profit; there is no provision for issuing stock; there is no claim that the purpose of the corporation is for a business other than that of assuring the liquidity of member building and loan associations and guaranteeing deposits therein; nothing to indicate that the general fitness and character of the incorporators are such as to fail to command the confidence of the general public and there is nothing to support the judgment of the superintendent that the best interest of the public will not be promoted by the establishment of the appellant corporation. There is nothing in the general corporation laws which requires that a proposed constitution and by-laws be filed with the articles of incorporation or charter.

It appears to the Court that to refuse certification because of certain provisions or lack of provisions in a proposed constitution and by-laws, would constitute an arbitrary and discriminatory act. It would be as unreasonable as to deny incorporation on the theory that a corporation

might, at sometime in the future, amend, or change its constitution or by-laws in a manner unsatisfactory. The legislature did not provide that the superintendent shall predetermine any method of operation but it did very definitely provide for reports and examinations so as to assure the superintendent full supervision of its operations.

The action of the superintendent in this case suggests that his objection is basically to the legislation itself. Actually a corporation, such as the one proposed, constitutes a double check upon each individual Building & Loan Association member inasmuch as the deposit guarantee association will necessarily be constantly alert, as is the superintendent of building and loan associations, in checking the liquidity and financial strength of all its member corporations thereby giving added protection to the depositors and certainly promoting the best interests of the public.

An entry may be presented in accordance with this opinion.